IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JUSTIN ANTONIO DOYON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:10-CV-580-TMH |
| | ) | [WO] |
| | ) | |
| HOUSTON COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, Justin Antonio Doyon ["Doyon"], a convicted prisoner currently incarcerated in the Houston County Jail, complains that the defendants are violating his constitutional rights by failing to transfer him to the state prison system. *Plaintiff's Complaint - Court Doc. No. 1* at 3. Doyon names the Houston County Jail, the Alabama Department of Corrections and the Houston County Community Corrections as defendants in this cause of action.

Upon review of the complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**II.  DISCUSSION**

**A.  The Houston County Jail and Houston County Community Corrections**

Neither a county jail nor a county community corrections program is a legal entity subject to suit or liability under section 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).

---

[1] The court granted Doyon leave to proceed *in forma pauperis*. *Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In light of the foregoing, the court concludes that the plaintiff's claims against the Houston County Jail and the Houston County Community Corrections are due to be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Id.*

### B. The Alabama Department of Corrections

The law is well-settled that state agencies are absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State or its agency consents to suit, the plaintiff cannot proceed against such defendant as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."). Any claims lodged against the Alabama Department of Corrections are therefore frivolous as such claims are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2] Consequently, the claims presented by Doyon against the Alabama Department of Corrections are subject to summary dismissal pursuant to the 28 U.S.C. § 1915(e)(2)(B)(i).

### C. The Challenge to County Confinement

Doyon contends his constitutional rights are being violated by his confinement in a county jail. Specifically, Doyon complains that despite his removal from the community corrections program on June 16, 2009 and subsequent sentence on October 20, 2009 for a felony conviction he has not yet been transferred to the state prison system. *Plaintiff's Complaint - Court Doc. No. 1* at 3. This claim is without merit.

A convicted prisoner has no constitutionally protected right to confinement in a particular penal facility. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Thus, an inmate may be confined in any correctional facility without implicating the prisoner's constitutional rights. *Id.*; *see also*

---

[2] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

*Montanye v. Haymes*, 427 U.S. 236, 242 (1976).  The plaintiff's confinement in the Houston County Jail, although it may entail "more burdensome conditions [than that of a state prison], [is] 'within the normal limits or range of custody which the conviction has authorized the State to impose.' *[Meachum,* 427 U.S. at 225]; *see also Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976)."  *Sandin v. Conner,* 515 U.S. 472, 478 (1995).

In light of the foregoing, it is clear that the failure to transfer Doyon to the custody of the Alabama Department of Corrections does not rise to the level of a constitutional violation and therefore provides no basis for relief in this 42 U.S.C. § 1983 action.  Consequently, this claim is subject to summary dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that on or before July 29, 2010 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 15th day of July, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE